IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **STEPHANIE FULMER,** | ) |
| **Plaintiff,** | ) CASE NO. 2:20-cv-00417 |
| v. | ) JURY TRIAL REQUESTED |
| **ALABAMA STATE EMPLOYEES CREDIT UNION,** | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Stephanie Fulmer, by and through the undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Fulmer files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as actions arising under Acts of Congress known as the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et. seq.*, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Fulmer filed a charge of disability discrimination, pursuant to the Americans with Disabilities Act, with the EEOC in Birmingham, Alabama, on March 4, 2020. The matter is currently pending before the EEOC. Nonetheless, Plaintiff Fulmer will move to amend her complaint to include a disability claim upon the receipt of her right to sue from the EEOC.

1

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Stephanie Fulmer (hereinafter "Plaintiff" or "Ms. Fulmer"), is a citizen of the United States and a resident of Eclectic, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Alabama State Employees Credit Union (hereinafter "Defendant" or "ASE Credit Union"), is a business entity organized and operating under the laws of the State of Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6. Ms. Fulmer is a forty-three (43) year old female. Ms. Fulmer received a Bachelor of Science in Business Administration degree, with a concentration in Human Resources Management, from the University of Tennessee, Chattanooga in 1999. She is also certified as a professional by the Society of H.R. Management.

7. Since her graduation, Ms. Fulmer has gained a wealth of experience in the field of human resources. From 1999 to 2000, she worked as an H.R. Assistant at MasterCraft Boat Company, and from 2000 to 2001, she worked at Schlumberger as an H.R. Representative. From 2001 to 2011, Ms. Fulmer was H.R. Manager at a successor to Schlumberger, namely Neptune Technology Group. After staying home to take care of her children from 2011 to December 2012, Ms. Fulmer began working for Southern Orthopedic Surgeons, as its Director of H.R. and Finance.

8. On or about August 6, 2018, Ms. Fulmer was lured away from Southern Orthopedic and hired as the Director of Human Resources at ASE Credit Union. Shortly thereafter, in January 2019, Ms. Fulmer also gained the additional title of Director of Training after she developed the training department at ASE Credit Union.

9. Ms. Fulmer avers that she was initially given much credit for her creativity, energy, and hard work at ASE Credit Union. She accomplished much in both the H.R. field and the training department. She was nominated for the "Rising Star Award," a national award with the Credit Union National Association. In addition, on or about April 1, 2019, Andrea McCain, Chief Experience Officer, gave Stephanie Fulmer an "exceeds expectations" on her performance review.

10. On February 2, 2020, Ms. Fulmer's husband, Wesley Fulmer, had a cardiac emergency, complicated by a fall, which caused him to fracture his ankle. Understandably and obviously, Ms. Fulmer was badly needed to take care of her husband because of his serious medical condition.

11. On February 3, 2020, Ms. Fulmer was out of work and spoke with Ms. McCain to update her that she would need additional time out of work to take care for her husband. Ms. Fulmer completed FMLA paperwork to take time off to be with her husband. The FMLA paperwork was sent to Ms. McCain and Ms. Fulmer's assistant, Ms. Selina Baker.

12. On February 5, 2020, Mr. Fulmer was transferred via ambulance to Grandview Medical Center in Birmingham, Alabama. Mr. Fulmer had cardiac surgery to install a pacemaker.

3

13. On February 6, 2020, Mr. Fulmer was discharged from the hospital. Nonetheless, Ms. Fulmer was still needed to take care of her husband because of his medical condition.

14. Ms. Fulmer was out of work to care for her husband from February 10 through February 11. On February 13 and 14, Mrs. Fulmer worked in the ASE office.

15. On February 18, 2020, Mr. Fulmer had additional surgery on his ankle. Ms. Fulmer was out of work on February 18 and 19 to take care of her husband.

16. On February 20, 2020, Ms. Fulmer worked in the ASE office and met with Mike Hart and Ms. McCain. Mr. Hart informed Ms. Fulmer that she could leave for the remainder of the day. Ms. Fulmer returned to work into the office on February 21.

17. On February 24 through 25, Ms. Fulmer was out of work because she was sick with the flu. Ms. Fulmer returned to work on February 26, but had to leave at lunch to care for her husband.

18. Although Ms. Fulmer was out intermittently a total of only 11 days, she did much for the ACE Credit Union by phone, email and text message. Unfortunately, Mr. Hart was unhappy with Ms. Fulmer's absences. Once she returned to work, Ms. Fulmer was reprimanded.

19. On February 27, 2020, Ms. Fulmer returned to work and was terminated at approximately 3:00 pm that day.

20. During the midst of her intermittent absences, pursuant to FMLA, Ms. Fulmer was given a complaint stating that she had violated HIPAA by releasing information concerning the health of another employee, something she had not done. Nonetheless, as a result, Ms. Fulmer was subjected to a confrontational, accusatory

meeting, and not given a fair opportunity to rebut the complaint. Ms. Fulmer insists she did not violate any HIPAA regulations. Nonetheless, Ms. Fulmer was terminated from her position at ASE Credit Union.

21. ASE Credit Union's proffered reason for Ms. Fulmer's termination, namely the HIPAA complaint, is pretextual. Instead Ms. Fulmer has been subjected to illegal retaliation for taking leave under the FMLA, 29 U.S.C. § 2601. That truth is bolstered by the fact that Ms. Fulmer was terminated during the midst of her being on intermittent FMLA leave necessary to provide care for her husband, suffering as he was from a serious medical condition.

22. As a result of the retaliation from exercising her FMLA rights described above, Ms. Fulmer has lost valuable income and benefits. In addition, Ms. Fulmer has incurred costs and attorney's fees to pursue this matter.

### IV. PLAINTIFF'S CAUSE OF ACTION

### COUNT ONE - FMLA RETALIATION

23. Plaintiff realleges incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusively.

24. Plaintiff avers that Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

25. Plaintiff avers that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that she was retaliated against when she was terminated after exercising her right to FMLA leave.

26. As a result of Defendant's retaliation against the Plaintiff, she has lost her employment and has incurred a loss of wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)  Judgment declaring that Defendant retaliated against Plaintiff for having exercised an FMLA right;

b)  An award of compensatory damages to which Plaintiff may be entitled;

c)  An award of all court costs and reasonable attorneys' fees; and

d)  Such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 16th day of June 2020.

Stephanie Fulmer, Plaintiff

_/s/ Julian McPhillips_
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

_/s/ Chase Estes_
Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321      FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com